■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE WHITE, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered January 20, 1972, convicting him of robbery in the third degree, upon a guilty plea, and imposing sentence. Judgment affirmed. In our opinion, any right which defendant may have had with respect to a dismissal of the indictment on account of delay was expressly waived by him. Hopkins, Acting P. J., Martuscello, Brennan and Benjamin, JJ., concur; Gulotta, J., dissents and votes to reverse the judgment and to dismiss the indictment, with the following memorandum: In my opinion the delay of over 51 months between the filing of the felony information in the Yonkers City Court in August, 1967 and the return of appellant to the Westchester County Court for trial in November, 1971 was unreasonable as a matter of law and no good cause for the delay was established (*United States* v. *Marion*, 404 U. S. 307; *People* v. *Minicone*, 28 N Y 2d 279, 281, cert. den. 404 U. S. 853, mot. to amend remittitur den. 29 N Y 2d 550; *People* v. *Racassi*, 32 A D 2d 928; *People* v. *Boyd*, 37 A D 2d 582). The fact that appellant was incarcerated for another unrelated crime during this entire period does not dilute his right to a speedy trial (*People* v. *Prosser*, 309 N. Y. 353; *People* v. *Winfrey*, 20 N Y 2d 138). On December 15, 1971 appellant was permitted to plead guilty to a lesser charge only on condition that he withdraw a then pending motion to dismiss the indictment for lack of prosecution and provided also that he waive his right to appeal and thereby the speedy trial issue. After consultation with counsel, appellant stated that he would enter a guilty plea and that it would be done freely and voluntarily. In spite of the prosecutor's demand for these waivers, however, the court did advise appellant of his right to appeal. On the date of sentence appellant placed on the record the facts pointing to a coercive plea. Initially, it should be noted that we have held that the waiver of the right to appeal as a condition for plea acceptance is contrary to the public policy of this State and unenforceable (*People* v. *Ramos*, 30 A D 2d 848). Thus appellant is properly before us. Normally we would not have reached the merits of this appeal, because appellant withdrew his motion to dismiss the indictment for want of prosecution (*People* v. *Costanza*, 37 A D 2d 729). However, in this case we should do so as a matter of discretion in the interest of justice (CPL 470.15, subd. 3) because an adequate record is before us for review and because the duration of the unexcused delay makes it apparent that appellant's contention is meritorious. On the speedy trial issue, while in New York this right has its genesis in statute (Code Crim. Pro., § 8, now CPL 30.20), as a result of the decision in *Klopfer* v. *North Carolina* (386 U. S. 213) it has now become a Federally guaranteed constitutional right by virtue of the Sixth Amendment's application to the States via the Fourteenth Amendment. Although I am not

inclined to doubt that this right may be waived if assent is freely and knowingly given, it appears to me that this appellant was coerced into doing so by an unlawful exaction and by duress. The so-called waiver which was accomplished by making appellant withdraw his motion to dismiss for lack of prosecution suffers from the same infirmity which invalidates the waiver of his right to appeal. Both are fundamental rights and the public policy which invalidates the one should have equal application to the other.